# THE MICHIGAN NISI PRIUS.

## MAY, 1871.

JAMES CUMMIN vs. CHAUNCEY ABBOTT, HENRY WILCOX, HOMER C. WILCOX, ANDREW WILCOX AND MARCUS WILCOX.

In order to maintain a suit to quiet title, the complainant must establish a clear legal or equitable title in himself.

The grantor of complainant having made an assignment under the laws of Pennsylvania, for the benefit of creditors, and having subsequently assented to a conveyance from his grantos to defendant (the one to him being lost and not of record) had no title to convey to the complainant, and his assent to the conveyance to defendant must be taken as conveying title to defendant, where no record title from defendant's grantor intervened.

*Shiawasse Circuit, May,* 1870.

Bill to quiet title, submitted on pleadings and proofs.

*By the Court.* MITCHELL, J.—Bill filed March 5, 1869, setting forth that complainant is owner and in actual possession of N. pt. of N. E. frl. ¼, Sec. 3, T. 6, N. R.. 3 E.—worth $1500—that title is derived from United States " by and through those under whom he claims," and that his title is perfect at law and in equity (without any more fully setting it forth)—that no other person has any title or interest in the land, but that Chauncey Abbott claims to be the owner, and to have derived title from the United States—that Henry Wilcox claims to be owner under Abbott. Alleges as facts the contrary, and states Abbott's deed was obtained by fraud and false pretences. That in 1840, Walker conveyed the land to Wm. N. Smith—Walker had title by patent from United States, and six years after date of patent conveyed to Smith. Smith sent deed by Abbott, his brother-in law, to record, and Abbott for fraudulent purposes did not have it recorded, and pretended it was lost; that Ab-

bott applied to Walker and told him the deed was lost and that he was agent of Smith; that Smith was embarassed, &c., and therefore wanted deed in his, Abbott's name. Walker disclaiming ownership, but believing statements, gave a quit-claim deed to Abbott; that the deed to Smith was not lost, but suppressed or concealed, &c., for the purpose of injuring Smith, and to procure a deed to himself, (Abbott,) and deed to him was procured by gross fraud.

Henry Wilcox has no actual interest, and bought conditionally.

Complainant's title is perfect, but Abbott's claim constitutes a cloud, &c.

The answer shows that defendant, Abbott, claims to be the owner by a patent from the United States to H. C. Walker, June 17th, 1836, and by quit-claim from Walker to him, April 12th, 1858; that in 1858 Walker conveyed to Smith and delivered deed Aug 4, 1840, Smith being insolvent, assigned all property, including this. Applied to Court of Common Pleas of Erie Co., Pennsylvania, for benefit of bankrupt law of Pennsylvania, and defendant and one Hoyt were assignees and accepted the trust.

October 6th, 1840, Smith was discharged of his debts by that Court; that Wm. N. Smith made the assignment and delivered deed from Walker to him to defendant to record and keep title straight, and defendant deposited deed with Register of Shiawassee Co. to record, and paid fees, but deed was lost and he has been unable to find same.

After assigning, Smith gave to defendant the following:

"This is to certify that I assign to Chauncey Abbott my right, title and interest to the Michigan farm deeded to me, and situated in Shiawassee Co., and containing one hundred and twenty-three and a half acres.

Hamburg, June 21, 1853.          WM. N. SMITH."

In 1858 Abbott learned his deed had not been recorded and could not be found.

Applied to Walker to quit-claim, which he refused, and again, in April, he and Smith applied and Walker refused, but upon its being urged that defendant was owner, that Hoyt, the other assignee, and Seth Abbott were dead, Walker gave defendant a deed, the one first set forth in answer.

CUMMIN v. ABBOTT, et. al.

Denies suppressing deed from Walker to Smith—had no interest so to do, and was the legal owner of the land. Has exercised acts of ownership since August 4th, 1840, on land as his own, and it has been so regarded and treated by Smith. Has paid all taxes, to amount of several hundred dollars, and insists that if decreed not to be the owner he is entitled to repayment with interest on amount paid for taxes, and asks for an account.

General denial of confederacy. General replication.

By the proofs it appears that the land in question was conveyed by patent from the United States, in August, 1837, to Henry C. Walker. That in 1838 Walker conveyed the land to Wm. N. Smith, and deed was delivered to defendant (after below assignment under laws of Pennsylvania) for record, and was in some way lost.

That in 1840, under the laws of the State of Pennsylvania, Wm. N. Smith made a general assignment, including these lands, to defendant and one Hoyt or Curtis.

This assignment was not executed in accordance with the laws of the State of Michigan, but on its face purported to put into the hands of the assignees all the property of the assignor, and though it was not entitled to record it was an equitable transfer of the title to the property in question.

As I find the facts, the recorded title was in Henry C. Walker. He by deed conveyed the same land to William N. Smith, which was not recorded.

William N. Smith assigned under the laws of Pennsylvania, the title to these lands to the defendant and one Hoyt, for the benefit of creditors and in trust for them.

There is no evidence of what was done under this assignment or whether the assignor's indebtedness was ever satisfied or not, nor of what was done with the property.

Some time after the assignment, and after Wm N. Smith had evidently been discharged by the laws of Pennsylvania, Smith gave to Abbott a release or quit claim which was never recorded and not entitled to record, as follows, to wit: "This is to certify that I assign to Chauncey Abbott and Seth Abbott, all my right title and interest to the Michigan farm, deeded to me, and situated in Shiawassee Co., and containing one hundred and twenty-three and one half acres.

Hamburg, June 21, 1853. (Signed) WM. N. SMITH."

That before this paper was signed, and pending the proceedings in bankruptcy under the laws of Pennsylvania, the deed from Walker to Smith was given to Abbott to be recorded in Shiawassee Co., and that he gave the same to the Register for record and that either by neglect of Register or some cause unknown, the same was not recorded but was lost.

That August 12th, 1858, Abbott with Wm. N. Smith, went to Walker, and after he, Walker, became satisfied that the deed from him to Smith was lost, and that the title of record was still in him, and that it was for Smith's benefit, other of assignees being dead, he executed and delivered to Abbott a quit-claim deed of the lands, which was duly recorded, and that in the mean time, after the assignment, Abbott had either paid the taxes or bought in tax titles of the land to the amount of several hundred dollars, he being the only one who seems to have been in charge of or caring for the land.

There is no evidence of the fraudulent obtaining of this deed except it may possibly be inferred from the fact that Abbott was a party to the loss of the original deed, knew all the facts and so obtained a deed to himself.

January 15th, 1867, Wm. N. Smith assuming still to be the owner of the lands, in consideration of $200, gave to Marvin Miller a quit-claim deed of the lands. By this he conveyed only his then present interest and placed Miller in his position.

January 18th, 1867, three days after the quit-claim deed from Wm. N. Smith, Marvin Miller, in consideration of $500, gave a warranty deed of the lands to the complainant, so placing him in the same position as Wm. N. Smith.

In view of all the facts proved and stated in this case, I am of the opinion that the complainant has no such legal or equitable title as authorizes him to maintain his suit as sought in this case.

The bill must be dismissed with costs but without prejudice as to any other legal or equitable remedy.